## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, CARPENTERS PENSION FUND OF ILLINOIS, CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP FUND, INDUSTRY ADVANCEMENT FUND, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING FUND, BUILDING TRADES FUND, CENTRAL ILLINOIS RETIREMENT SAVINGS FUND, and CARPENTERS LOCAL #183, <br><br>    Plaintiffs, <br><br>    v. <br><br>BECKER CONSTRUCTION CONTRACTORS, INC., <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 12-cv-1238 ) ) ) ) ) |

# **O P I N I O N  &  O R D E R**

This matter is before the Court on Plaintiffs' Motion for Default Judgment. (Doc. 10).[1] Responses to this Motion were due on May 31, 2013; none were filed. For the reasons stated below, Plaintiffs' Motion for Default Judgment is DEFERRED.

## **BACKGROUND**[2]

Plaintiffs Central Illinois Carpenters Health & Welfare Trust Fund, Carpenters Pension Fund of Illinois, Carpenters Retirement Savings Fund of Illinois, Mid-Central Illinois Regional Council of Carpenters Apprenticeship Fund, Carpenters International Training Fund, Carpenters Labor Management Education & Development Fund, and Central Illinois Retirement Savings Fund, are employee benefit funds ("Funds") administered pursuant to the terms and provisions of related Agreements and Declarations of Trusts and are maintained in accordance with the provisions of the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs Mid-Central Illinois Regional Council of Carpenters, and Carpenters Local #183 are labor organizations administered pursuant to LMRA. Plaintiffs Industry Advancement Fund, Mid-Central Illinois Carpenters Joint Labor Management Substance Abuse Testing Fund, and Building Trades Fund are labor management

---

[1] As explained below, Plaintiffs' initial Motion for Default Judgment (Doc. 9) was construed in part as a motion for default, and default was entered. Because of the more recent Motion, the previous Motion (Doc. 9) is denied as moot.

[2] Unless otherwise noted, this background information is drawn from Plaintiffs' Complaint (Doc. 1). Upon a defendant's default in federal court, the well-pleaded facts relating to liability in a complaint are taken as true. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); Fed. R. Civ. Pro. 8(b)(6). Default was entered in this matter on May 1, 2013. Therefore, the allegations of the Complaint are deemed to be true.

organizations administered pursuant to LMRA. The Central Illinois Carpenters Health & Welfare Trust Fund is the authorized collection agent for other Plaintiffs. Defendant, Becker Construction Contractors, is an "employer" within the terms of ERISA. 29 U.S.C. § 1002(5). Defendant and Mid-Central Illinois Regional Council of Carpenters entered into a recognition agreement, which bound Defendant to a collective bargaining agreement that obligated Defendant to make contributions to Plaintiffs' Funds by the fifteenth day after the end of each month based on the number of hours actually worked. (Doc. 1-5 at 16).

On July 20, 2012, Plaintiffs filed a Complaint against Defendant under ERISA, 29 U.S.C §§ 1132 & 1145, charging that Defendant breached its obligations to Plaintiffs because it has failed to make the required fringe benefit contribution payments during the time period of October 1, 2009, through June 30, 2011. (Doc. 1 at 3, 8). Plaintiffs seek the contributions due, liquidated damages, interest, audit cost, and attorney fees.

Service of the Complaint and summons was made on Defendant's registered agent on March 21, 2013. (Doc. 8). Defendant failed to appear, plead or otherwise defend the lawsuit. On April 26, 2013, Plaintiffs moved for entry of default judgment, which the court construed as a motion for default. On May 1, 2013, default was entered against Defendant. (Docket Entries, May 1, 2013). On May 13, 2013, Plaintiffs filed the instant Motion for Default Judgment, asking the Court to order Defendant to pay: (1) $1,546.34 in contributions that Plaintiffs failed to make and liquidated damages and interest on those contributions, and $1,867.25 in attorney's fees, to Carpenters Pension Fund of Illinois and the Carpenters

Retirement Savings Fund of Illinois; and (2) $2,740.84 in contributions, liquidated damages and interest, and $1,795.00 in attorneys' fees to Central Illinois Carpenters Health & Welfare Trust Fund. (Doc. 10 at 3-4). Although response was due by May 31, 2013, Defendant entered no objection thereto. Pursuant to Local Rule 7.1(B)(2), any party opposing a motion must file a response within fourteen days, otherwise the court will presume that there is no opposition and rule without further notice. Accordingly, the Court presumes that Defendant does not oppose default judgment being entered against it in this action.

## ANALYSIS

Under ERISA, employers who are obligated under the terms of a plan or collectively bargained agreement to make contributions to the plan must "make such contributions in accordance with the terms and conditions of such plan or agreement." 29 U.S.C. § 1145. Plaintiffs are entitled to bring suit to enforce this provision and the plan's terms under 29 U.S.C. § 1132. Defendant has failed to make its contributions in accordance with the terms of the relevant Collective Bargaining Agreement and Agreements and Declarations of Trusts for the Funds. Therefore, Defendant is liable to Plaintiffs under 29 U.S.C. § 1145.

Granting or denying default judgment is within the Court's sound discretion. *See Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996). While the pleadings in a complaint are taken to be true upon the entering of a default judgment, allegations regarding damages are not automatically taken as true. *Dundee v. Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). "The district court must instead conduct an inquiry in order to ascertain the amount of

damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Here, Plaintiffs have submitted audit reports prepared by independent accountants. (Doc. 9-3). The audit report shows that, for the period of October 1, 2009, through June 30, 2011, Defendant owes $880.00 in contributions to Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, and $1,616.00 to Central Illinois Carpenters Health & Welfare Fund. (Doc. 9-3 at 4, 12). Therefore, Plaintiffs will be awarded $2,496.00 in unpaid contributions under 29 U.S.C. § 1132(g)(2)(A). However, the amount of interest accrued from the unpaid contributions is not properly substantiated.

Under ERISA, Plaintiffs are entitled to interest on the unpaid contributions. *See Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 652 (7th Cir. 2001). If the plan does not provide an interest rate, the Court may award Plaintiffs interest under 26 U.S.C. § 6621.[3] *See* 29 U.S.C. § 1132(g). Here, neither the relevant trust agreements nor the audit reports specify an interest rate. Since Plaintiffs have provided no documentary evidence of how it arrived at its figure for the interest accrued on unpaid contributions, the Court will give the Plaintiffs a window of time in which to file supplemental materials indicating the interest rate.

---

[3] This rate will be determined by adding three percentage points to the Federal short-term rate. 26 U.S.C. § 6621(a)(2).

Plaintiffs also seek $323.20 in liquidated damages to be paid to Central Carpenters Health & Welfare Fund.[4] (Doc. 10 at 6; Doc. 9-3 at 13). The relevant trust agreements provides for liquidated damages in the amount of 20% of the unpaid contributions. (Doc. 1-8 at 3). Plaintiffs have provided documentary evidence showing that for the period from October 1, 2009, through June 20, 2011, Defendant owes them $323.20 in liquidated damages. (Doc. 9-3 at 13). Under 29 U.S.C. § 1132(g)(2)(C), the Court shall award the plan the greater of either the interest on the unpaid contributions (in addition to the award of interest under § 1132(g)(2)(B)) or liquidated damages as provided for under the plan. However, due to the absence of an interest rate, the Court is unable to determine which figure, the interest or the liquidated damages, is greater.

In a suit for delinquent contributions, reasonable attorney's fees and costs are to be awarded to a prevailing plan trustee under 29 U.S.C. § 1132(g)(2)(D). Plaintiffs' attorney, John A. Wolters, submitted affidavits stating the hourly rate at which Plaintiffs were billed, and provided itemized statement of the time spent on each task the attorneys and paralegals performed. (Doc. 9-4; Doc. 9-5).

For ERISA litigation, Plaintiffs' counsel's firm charges $150.00 - $205.00 per hour for attorneys' work and $90.00 per hour for paralegals' work. (Doc. 9-4 at 1, 6). The Carpenters Pension Fund of Illinois and the Carpenters Retirement Savings Fund of Illinois incurred $1,867.25 in attorneys' fees and costs while the Central Illinois Carpenters Health & Welfare Trust Fund incurred $1,795.00 in attorneys'

---

[4] The Court notes that Plaintiffs Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund also seek liquidated damages for unpaid contributions under the trust agreement, but the audit report does not provide the amount of the liquidated damages. (Doc. 10 at 3; Doc. 9-3 at 4).

fees and costs. (Doc. 9-4 at 3, 7). Plaintiffs therefore seek an award of $3,662.25 in attorney's fees and cost. (Doc. 15 at 4). Minus $392 in court costs, this award would work out to an average rate of $179.19 for the 18.25 hours spent. Considering the attorneys' usual rate and the results obtained, the Court finds that this is a reasonable hourly rate, and that the time spent on this matter by Plaintiffs' counsel was reasonable. *See Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544-46 (7th Cir. 2009) (In awarding fees under § 1132(g)(2)(D), court's review is limited to determining whether amount of time spent was reasonable.); *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("[T]he best measure of the cost of an attorney's time is what that attorney could earn from paying clients."). Therefore, Plaintiffs will be awarded $3,662.25 in attorney's fees and costs. In addition, Defendant owes to Plaintiff $930.00 as reimbursement for the audit cost incurred in assessing the unpaid contributions, interest and liquidated damages.[5] (Doc. 10-1; Doc. 9-3 at 11).

## CONCLUSION

As Plaintiffs failed to provide an interest rate, Plaintiffs' Motion for Default Judgment (Doc. 10) is DEFERRED. Plaintiffs' first Motion for Default Judgment (Doc. 9) is DENIED AS MOOT. Plaintiffs are ORDERED to file, within fourteen days from the date of entry of this order, a Supplement to its Motion, in which it adequately addresses the evidentiary deficiencies discussed above. If Plaintiffs fail to file a supplement, the instant Motion will be granted in part and denied in part,

---

[5] Defendant owes $465.00 each to Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, and Central Illinois Carpenters Health & Welfare Fund, which works out to $930.00 in total.

with default judgment being entered against Defendant without the interest accrued on the unpaid contributions and without part of the liquidated damages. IT IS SO ORDERED.

Entered this <u>31st</u> day of July, 2013.

<u>s/ Joe B. McDade</u><br>
JOE BILLY McDADE<br>
United States District Judge