## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  12-cv-1238 |
| BECKER CONSTRUCTION CONTRACTORS, INC., | ) ) ) ) | |
| Defendant. | ) | |

## **O R D E R**

This matter is before the Court on Plaintiffs' Motion for Default Judgment and Motion to Supplement Motion for Default Judgment. (Docs. 10 & 13). For the reasons stated below, both motions are granted.

Plaintiffs Central Illinois Carpenters Health & Welfare Trust Fund, Carpenters Pension Fund of Illinois, Carpenters Retirement Savings Fund of Illinois, Mid-Central Illinois Regional Council of Carpenters Apprenticeship Fund, Carpenters International Training Fund, Carpenters Labor Management Education & Development Fund, and Central Illinois Retirement Savings Fund, are employee benefit funds administered pursuant to the terms and provisions of related Agreements and Declarations of Trusts and are maintained in accordance with the provisions of the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs Mid-Central Illinois Regional Council of Carpenters, and Carpenters Local #183 are labor organizations

administered pursuant to LMRA. Plaintiffs Industry Advancement Fund, Mid-Central Illinois Carpenters Joint Labor Management Substance Abuse Testing Fund, and Building Trades Fund are labor management organizations administered pursuant to LMRA. The Central Illinois Carpenters Health & Welfare Trust Fund is the authorized collection agent for the other Plaintiffs. Defendant, Becker Construction Contractors, is an "employer" within the terms of ERISA. 29 U.S.C. § 1002(5). Defendant and Mid-Central Illinois Regional Council of Carpenters entered into a recognition agreement, which bound Defendant to a collective bargaining agreement that obligated Defendant to make contributions to Plaintiffs' Funds by the fifteenth day after the end of each month based on the number of hours actually worked. (Doc. 1-5 at 16).

On July 20, 2012, Plaintiffs filed a Complaint against Defendant under ERISA, 29 U.S.C §§ 1132 & 1145, charging that Defendant breached its obligations to Plaintiffs because it has failed to make the required fringe benefit contribution payments during the time period of October 1, 2009, through June 30, 2011. (Doc. 1 at 3, 8). Plaintiffs seek the contributions due, liquidated damages, interest, audit cost, and attorney fees. As previously found by the Court, Plaintiffs are entitled to default judgment, because Defendant has failed to appear, plead, or otherwise defend in this suit. (Doc. 12).

Reviewing Plaintiffs' Motion for Default Judgment, the Court found in July 2013 that they had not included an evidentiary basis for the interest rate used in calculating the amount of interest they claimed, and so directed Plaintiffs to supplement their Motion for Default Judgment to correct this. (Doc. 12). Plaintiffs'

Motion to Supplement has corrected the deficiency noted in the previous Order. Plaintiffs state that the applicable interest rate, as defined by the Health & Welfare Trust Fund's Delinquency Manual and an amendment to the Pension Fund's Agreement and Declaration of Trust, is 1.5% for each month the contributions are delinquent, and support this assertion with an affidavit and a copy of the Delinquency Manual. (Doc. 13 at 2-3; Doc. 13-1; Doc. 13-2). The Court finds that this evidence is sufficient to support Plaintiffs' calculation of interest. The Health & Welfare Fund is entitled to $336.64 in interest, and the Pension and Retirement Savings Funds are entitled to $201.34 in interest, for a total of $537.98. (Doc. 13 at 2-3). The Court can therefore now grant Plaintiffs' Motion for Default Judgment and issue a complete order encompassing all the relief to which Plaintiffs are entitled.

The Court has previously determined that Plaintiffs are entitled to $2,496.00 in unpaid contributions; the Pension and Retirement Funds are due $880.00, and the Health & Welfare Fund is due $1,616.00. (Doc. 12 at 5). As explained above, Plaintiffs have established their entitlement to interest figured at a 1.5% per month interest rate on the unpaid contributions, which works out to a total of $537.98. The Court's previous Order noted that 29 U.S.C. § 1132(g)(2)(C) directs the Court to award, as liquidated damages, the greater of either a sum equal to the interest on the unpaid contributions or liquidated damages as provided by the Plan documents. (Doc. 12 at 6). Now that the Court has the documented interest rate, it can determine that the amount calculated as interest, $537.98, is the greater of these two figures and thus the appropriate amount of total liquidated damages under §

3

1132(g)(2)(C).[1] Finally, the Court has determined that Plaintiffs are entitled to $3,662.25 in attorneys' fees and costs, with the Pension and Retirement Funds being owed $1,867.25 and the Health & Welfare Trust Fund being owed $1,795.00, and $930.00 in audit costs. (Doc. 12 at 7). Plaintiffs will thus be awarded $8,164.21 in total.

IT IS THEREFORE ORDERED:

1.  Plaintiffs' Motion for Default Judgment (Doc. 10) and Motion to Supplement Motion for Default Judgment (Doc. 13) are GRANTED.

2.  Judgment is ENTERED in Plaintiffs' favor in the total amount of $8,164.21.

    a.  Specifically, judgment is entered in favor of Plaintiffs Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, and against Defendant Becker Construction Contractors, Inc., for unpaid fringe benefit contributions, liquidated damages, interest, and audit costs in the amount of $1,747.68 for the period of October 1, 2009 to June 30, 2011.

    b.  Specifically, judgment is entered in favor of Plaintiffs Central Illinois Carpenters Health & Welfare Trust Fund, Mid-Central Illinois Regional Council of Carpenters, Mid-Central Illinois Regional Council of Carpenters Apprenticeship Fund, Industry Advancement Fund, Carpenters International Training Fund, Carpenters Labor Management Education & Development

---

[1] The Health & Welfare Fund documents provide that its liquidated damages are to be calculated at 20% of the unpaid contributions (Doc. 1-8 at 3), which is $323.20, while the Pension Fund documents indicate that its liquidated damages are equivalent to the 1.5% per month interest rate (Doc. 1-2 at 4), which works out to $201.34. The liquidated damages as provided by the plans' documents, then, would be $526.54, which is less than the $537.98 figure noted above.

Fund, Mid-Central Illinois Regional Council of Carpenters Promotional Fund, Mid-Central Illinois Carpenters Joint Labor Management Substance Abuse Testing Fund, Building Trades Fund, Central Illinois Retirement Savings Fund, and Carpenters Local #183, and against Defendant Becker Construction Contractors, Inc., for unpaid fringe benefit contributions, liquidated damages, interest, and audit costs in the amount of $2,754.28 for the period of October 1, 2009 to June 30, 2011.

c.  Specifically, Plaintiffs Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois are awarded $1,867.25 in attorneys' fees and costs, and Plaintiff Carpenters Health & Welfare Trust Fund is awarded $1,795.00 in attorneys' fees and costs.

3. CASE TERMINATED.


Entered this 18th day of September, 2013.


                                                 s/ Joe B. McDade
                                              JOE BILLY McDADE
                                    United States Senior District Judge